# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE LUIS MENDEZ-LUNA,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-0514 |
| v | : | (JUDGE MANNION) |
| **ERIC HOLDER,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner, Jose Luis Mendez-Luna, a detainee of the United States Immigration and Customs Enforcement ("ICE") presently confined in the York County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges his continued detention by ICE. (Doc. 1, petition). The petition is ripe for disposition and, for the reasons set forth below, will be dismissed without prejudice.

**I. Discussion**

On September 18, 2003, Petitioner, a native and citizen of Venezuela, was admitted to the United States as a nonimmigrant visitor (B2) with authorization to remain for a temporary period not to exceed six months. (Doc. 9-2 at 3-5, Notice to Appear). He remained in the United States beyond the

date permitted without obtaining authorization. Id.

On July 17, 2013, while still in the United States illegally, Petitioner was convicted in the U.S. District Court for the District of Connecticut of conspiracy to possess with intent to distribute cocaine. Id. He was sentenced to a thirty month term of imprisonment. Id.

On December 17, 2013, Petitioner was served with a Notice to Appear, charging him with being subject to removal because he had been convicted of an aggravated felony, overstayed his nonimmigrant visa, and had been convicted of a controlled-substance offense. Id.

On June 2, 2014, Petitioner was released from the custody of the Federal Bureau of Prisons and transferred to ICE custody. (See Doc. 9-2 at 11, Decision to Continue Detention).

By Order dated September 8, 2014, the Immigration Judge ordered Petitioner removed from the United States, denied his application for asylum, denied his request for withholding of removal, and denied his application for deferral of removal under Article III of the Convention Against Torture. (Doc. 9-2 at 6, Order of the Immigration Judge). Because Petitioner waived his right to appeal the Immigration Judge's order, the order became final on September 8, 2014. Id.

On December 3, 2014, ICE reviewed Petitioner's custodial status and issued a decision to continue his detention, finding that based on Petitioner's criminal history he was considered to be a danger to the community; and based upon his immigration history, he was considered to be a flight risk. (See Doc. 9-2 at 11, Decision to Continue Detention). ICE also informed him that a request for a travel document from Venezuela was pending. Id.

On March 23, 2015, the Department of Homeland Security's Headquarters Custody Management Unit in Washington D.C., reviewed Petitioner's custodial status and concluded that, because ICE was currently working with the government of Venezuela to secure a travel document for Petitioner's removal from the United States, and Petitioner's removal was expected to occur in the reasonably foreseeable future, he would remain in custody pending the issuance of the travel document. (Doc. 9-2 at 13, Decision to Continue Detention).

**II. Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B)

provides the following:

> The removal period begins to run on the latest of the following:
>
> > (i) The date the order of removal becomes administratively final.
>
> > (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> > (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."[1] Id. at 701.

---

[1] Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. §241.4. Prior to the

4

Petitioner was taken into ICE custody pursuant to a final order of removal on September 8, 2014, and the six-month presumptively reasonable period of post-removal-period detention expired on or about March 8, 2014. However, the Zadvydas Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under §2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Id. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id., at 701. In the absence of

---

expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. §241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Custody Management Unit for further custody review. 8 C.F.R. §241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. §241.13(d)(1). Petitioner's custody was reviewed by the Headquarters Custody Management Unit on March 23, 2015.

factual allegations supporting the conclusion that removal is not reasonably foreseeable, ICE does not have to respond by showing that removal is reasonably foreseeable. Id.; see also Barenboy v. Attorney General of U.S., 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Petitioner argues that despite his full cooperation, ICE has not been able to secure travel documents. (Doc. 1, at 4). Specifically, he claims that "the Venezuelan Government does not have a diplomatic relationship with the United States", that the Venezuelan consulate informed him that "they cannot identify or locate any of his information in their database" and that a deportation officer told him that "he feels that the Venezuelan consulate is 'playing games' with him." Id.

Such conclusory statements are not evidence of a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner "has made no showing whatever that there is

6

'no significant likelihood of removal in the reasonably foreseeable future'." Encamacion–Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); see, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (finding that "[u]nder Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of §2241 petition challenging detention pursuant to §1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (concluding that "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Because, at this time, continued detention remains reasonable, it is constitutionally permissible. The petition is therefore subject to dismissal.

However, ICE is cautioned that, although the current record does not

demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time, the inability of ICE to remove petitioner to Venezuela may provide "good reason" to believe the removal is unlikely to be carried out. "For detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. The dismissal is therefore without prejudice to the filing of a new §2241 petition in the event that Petitioner can provide evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.  A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: May 11, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0514-01.wpd